## PENNER INSTALLATION CORPORATION v. UNITED STATES.

### No. 47266.

United States Court of Claims.

Decided Oct. 3, 1949.

Motion for New Trial Overruled Nov. 7, 1949.

Albert Foreman, New York City, for plaintiff, M. Carl Levine, Morgulas & Foreman, New York City, on the brief.

John R. Franklin, Washington, D. C., with whom was H. G. Morison, Assistant Attorney General, for defendant.

Before JONES, Chief Judge, and WHITAKER, HOWELL, MADDEN and LITTLETON, Judges.

WHITAKER, Judge.

Plaintiff entered into a contract with the defendant through the Civil Aeronautics Administration for the construction of a lighting system at Port Erie Airport, Erie, Pennsylvania. Plaintiff says that defendant's measurements of the work done at unit prices were incorrect in a number of different instances, and that in other instances the unit price fixed for the work done was too low, and in other instances the price paid for extra work ordered was too low.

We find it unnecessary to comment on each and every item. Suffice it to say that we have carefully reviewed the commissioner's report and the exceptions thereto taken by both the plaintiff and the defendant, and, except in the instances noted below, we are of the opinion that the weight of the evidence is not against the commissioner's findings, and we have, accordingly, adopted his findings, with only minor exceptions.

The contract required the installation of obstruction lights on poles, some of which were to be double lights. The defendant, however, was unable to obtain double lights, but furnished instead two single lights where a double light was required. The work of assembling these two single lights so as to make a double light was the defendant's responsibility, but the plaintiff volunteered to do this work with its own workmen. This was acquiesced in by the defendant. Since this was the defendant's responsibility and it permitted the plaintiff to do the work, the defendant is liable for the payment of reasonable compensation therefor. We have found that $16 is reasonable compensation.

In finding 7 we have found that plaintiff was not paid for 676 feet of cable placed in the trenches. The commissioner found that plaintiff had not been paid for 644 feet,

but he made no allowance for slack in the cable, which has been computed at 5 percent, making a total of 676 feet.

In finding 10 we have adopted the commissioner's finding of $8 a lineal foot as a fair and reasonable price for driving the conduits under 12th Street and Ford Avenue. The plaintiff at first submitted a bid for $32, but there was no agreement on this price. We are of opinion that the $4 allowed by the defendant is too low, and that $8 is a reasonable price for doing this work.

Plaintiff makes claim for the cost of the 90° bends which it used instead of the fiber conduit furnished by the defendant to enclose the wires from the lights to the cable in the trench. Under the specifications plaintiff was permitted to substitute steel conduits for the fiber conduits. It had on hand the steel conduits and found it easier to do the work by using them than to use the fiber conduits furnished by the Government. It used the 90° steel conduits of its own volition, and not at the order of the defendant and it is not entitled to recover for the cost of them.

In finding 17 we have found that the fair and reasonable price for chipping macadam off the edges of the runway was $329.16, instead of the commissioner's figures of $444.56. It appears that the commissioner figured this cost at $4.22 a light for 78 lights, but in doing so he made an error in calculation, the correct figure being $329.16 instead of $444.56.

In excavating the trenches the plaintiff cut a buried cable which controlled the ceiling light. The location of this buried cable was not shown on the plans and it was not obvious on the ground. However, after it had been cut, defendant's engineer on the job called to plaintiff's attention an indentation in the ground which he said indicated the trench in which the cable for this ceiling light had been buried. After this had been called to plaintiff's attention, it was easy to follow the course of the trench. However, plaintiff cut this cable five times thereafter. It is entitled to compensation for repairing it as a result of the first cutting because the location of it was

not shown, but it is not entitled to recover the subsequent cuttings of it, because by the exercise of due care this could have been avoided.

Plaintiff is not entitled to recover for the cost of smoothing and grading around the lights. This was made necessary because plaintiff in excavating for trenches piled up the dirt in such a way as to prevent the water from draining from the lights. It was a part of its duty to restore the land around these lights to its previous grade, and it is not entitled to compensation for doing so.

The contract was completed one day after the completion date. This extra day was made necessary on account of the extras ordered by the defendant. Plaintiff, however, says it could have completed the work earlier had the defendant not interfered with it. We find no evidence of interference. Nor was it any part of defendant's duty to make it possible for plaintiff to complete its work prior to the completion date. United States v. Blair, 321 U.S. 730, 64 S.Ct. 820, 88 L.Ed. 1039.

As shown by the findings, we conclude that there is due the plaintiff the sum of $3,810.92, which is composed of the following items:

| | |
|---|---:|
| Cost of assembling lights (finding No. 4) | $16.00 |
| 6" x 18" trench excavation not paid for (finding No. 5) | 447.33 |
| Trenches in excess of 6" x 18" not paid for (finding No. 6) | 2,130.00 |
| Cable in trench, not paid for (finding No. 7) | 13.52 |
| Cable splices (findings 8 and 18) | 16.00 |
| Driving conduit under road (finding No. 10) | 400.00 |
| Furnishing and installing poles (finding No. 12) | 420.00 |
| 1¼" conduit not paid for (finding No. 14) | 20.91 |
| Supporting bands for transformers (finding No. 15) | 18.00 |
| Chipping macadam (finding No. 17) | 329.16 |
| Total | 3,810.92 |

Judgment for this amount will be entered. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN and LITTLETON, Judges, concur.

Motion for New Trial Overruled Nov. 7, 1949.

